## STANLEY V. DEIHOUGH.

50  201
74  205

1. WAIVER OF OBJECTION: *By accepting benefit under judgment appealed from.*

It was adjudged by the probate court that a guardian should be charged on his final account with the amount of a certain note, which he had previously delivered to his successor in the trust. He appealed to the circuit court, but before the cause was tried there, he demanded and received from his successor, the note, and surrendered it to the maker on receiving from the latter a small sum in part payment and new notes, payable to the order of his wife and secured by mortgage on real estate, for the residue—*Held :* That the circuit court did not err in charging him with the amount of the note, as he could not enjoy the benefit of owning the note without abiding by the judgment of the probate court that he should stand charged with the amount it represented,

2. GUARDIAN'S ACCOUNTS: *Disallowance of credits.*

The burden of proof is upon a guardian to show that he is entitled to credits claimed for extra services and attorney's fees: and where it appears to this court that the evidence supporting such a claim is meager and indefinite, a judgment disallowing it will not be disturbed.

APPEAL from *Drew* Circuit Court.

J. M. BRADLEY, Judge.

### STATEMENT.

C. L. Dishough, a minor, was the owner of an old gin house and gin stand, with the running gear thereto attached, and a cotton press. His guardian, J. P. Stanley, sold this property without any order of the probate court authorizing him to do so, to J. M. Walton, for the sum of $275.00, for which he received Walton's note. Walton removed the gin stand, house, press, etc., from land belonging to the minor, on which they were situated, and put them up on land

Stanley v. Deihough.

belonging to himself.  Stanley was afterwards succeeded in the guardianship of C. L. Dishough by J. B. Dishough, and filed in the probate court his final account.   On this account he was credited with the amount of Walton's note, which remained unpaid, and had been delivered, with other property of his ward, to his successor in the guardianship.   He was also credited by $100 for extra services and attorney's fees.   J. B. Dishough, in behalf of his ward, filed exceptions to Stanley's account, in which he objected to the allowance of these credits.   The probate court sustained the objection to the credit for the note and disallowed it entirely, and sustained the other objection so far as to allow on the claim for extra services, etc., only the sum of $50.   From the order of the probate court sustaining these exceptions to and restating his accounts, Stanley appealed to the circuit court, where, on a trial by the court, the exceptions made in the probate court were both sustained in full and a judgment accordingly was rendered against Stanley, from which he has appealed.   The other material facts are stated in the opinion

*W. F. Slemmons,* for appellant.

1.   The case should have been transferred to the equity docket.   38 *Ark.,* 482.

2.   This case falls within the principle of *Waldrip, Gd'n., v. Tully,* 48 *Ark* , 297.   Stanley acted for the best interest of the minor, and under the peculiar circumstances of the case, the court should have confirmed the sale.

3.   Stanley could not wait to comply with *sec.* [3509–11 *Mans. Dig.,* for by that time the property would have been worthless, and no sale could have been made, to the minor's great loss.

4.   It was error not to allow appellant any commissions whatever on his final account.   *Sec.* 3536 *Mansf. Dig.*   It was also unjust not to allow him for money paid for attor-

ney's fees. *Id.* The failure to itemize the claim cannot
justify the court in refusing to allow him what was just and
reasonable.

· . *W. S. McCain* and *Wells & Williamson,* for appellee.

. · 1. ˙ The claim of $100 for commissions, etc., was too in-
.definite, and no proof was introduced to show that he was,
entitled to it, or that no previous allowance had been made
him. There was no evidence that he had ever paid any at-
.torney's fees. The statute (*sec.* 3536) allows just and· reason-
able compensation, but there must be evidence to base an
allowance upon.

2. A sale of fixtures by a guardian without an order of
court, is a nullity. And by taking back the note from his
successor, and accepting new notes with security, payable to
his wife, he has elected to treat the note as his own, and
should be charged with the amount.

### OPINION.

Cockrill, C. J. As to the item of the Walton note, the
appellant is not in position to complain of the judgment of
the circuit court. After the probate court had adjudged
.that he should stand charged with the amount of the note,
he demanded and received it of his successor in the trust to
whom he had previously delivered it; he surrendered it to
the maker, received from him a small sum in part payment,
.took from him three new notes secured by mortgage on real
estate for the residue, payable to the order of his wife, ex-
tending the time of payment one, two and three years from
their date. · This was the attitude of the matter when the
cause came on to be heard in the circuit court on appeal.

The acts indicated the intention on the part of the appel-
lant to treat the note as his own. But he could not take the

Stanley v. Deihough.

note and be subrogated to the rights of the payee, without electing to stand charged with the amount it represented in accordance with the judgment of the probate court.  The benefit to be derived from the ownership of the note could be enjoyed only by abiding by the judgment of the court to the effect that he should pay the amount.  One cannot accept a benefit under a judgment or order of court, and also prosecute an appeal from the burden it imposes when the two are dependent upon each other.  The election to assert one right is a waiver of the other.  *Baylies' New Trial and App.,* 18–19; *Dismukes v. Halpern,* 47 *Ark.,* 317.  So that if it be conceded that the probate court can make good a sale of a ward's estate made without the authority of the court, and that the circumstances were such at the outset as to give the appellant the legal right to demand a ratification of his acts, his conduct after the judgment of the probate court refusing to confirm the sale, shows that he renounced the right.  But it is argued that, if it was proper to confirm the sale at the outset, the appellee should have received the new notes in lieu of the old.  There was no legal obligation upon him to do so.  That was not the purpose for which the appeal was prosecuted; the appellant had made his election to stand on the court's rejection of his sale, and he could not change position without the assent of his adversary.  Moreover the new notes were not of the same tenor and effect as the old; and no tender of them was ever in fact made in or out of court.

As to the claim for extra services and attorney's fees made by Stanley, the burden of proof was upon him to show that he was entitled to the credits.  The evidence upon these points in the bill of exceptions is too meagre, vague and indefinite to warrant us in interfering with the judgment.

Affirm.