## BEAKLEY *v.* CUNNINGHAM.

Opinion delivered December 20, 1915.

1. PROBATE COURTS—APPEALS—HOW TAKEN.—An appeal, under Kirby's Digest, § 1348, may be taken from a final order of the probate court, at any time within twelve months after the rendition of the judgment appealed from, and upon the filing of the prescribed affidavit, the court shall order an appeal at the term at which the judgment or order was rendered if the affidavit was then filed, or at any term within twelve months thereof.

2. APPEAL FROM PROBATE COURT—ORDER—TIME OF RENDITION.—An order granting an appeal from the probate to the circuit court, not having been made until more than twelve months after the rendition of the judgment, should be dismissed.

3. GUARDIAN AND WARD—COMMISSIONS—FINDING OF COURT—NEGLECT.— A guardian who is found by both the probate and circuit courts to have been derelict in the discharge of his duties, and who has been removed, may claim commissions only upon amounts paid out by him as guardian, and not upon the amount paid over upon final settlement after his removal.

Appeal from Lawrence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

STATEMENT BY THE COURT.

This appeal is in effect to test the validity of an order of removal of a guardian by the probate court and disallowance of his commission upon the final settlement and statement of his account.

Proceedings were instituted in the probate court for the removal of the guardian and the settlement of his accounts, it being alleged that he had failed to file an inventory of the estate in the beginning; that his settlement filed in November, 1911, showed a lower amount than the correct balance due because of a certain error and overcharge in commissions claimed; that he had failed to pay the petitioner the amount allowed him by the court for the support of the wards; that he had filed no account or settlement for the year 1912 and had allowed the lands of his wards to be forfeited and sold for taxes in 1913.

The guardian was cited at the next term of court to appear and show why he should not be removed, and fail-

ing to appear upon that day he was removed as guardian, and directed to make a full settlement of his accounts and guardianship on the first day of the succeeding April term of court. He filed his final settlement in April, which was continued until July, 1914, when his account was restated and he was found to be due his wards the sum of $1,124.66, and certain commissions claimed by him were disallowed.

The order of removal of the guardian was made on the 19th day of January, 1914, and on the 3d day of August, 1914, he filed an affidavit for an appeal from both of said orders. On the 20th day of January, 1915, the appeal was prayed and granted to the circuit court and a motion was made to dismiss the appeal from the order removing Beakley as guardian because it had not been taken within the time allowed by statute. This motion was sustained and the appeal dismissed on the 16th of March and on the 19th, the court, upon a hearing held that the guardian should be allowed commissions only upon the amount of money paid out for the benefit of his wards, and affirmed the judgment of the probate court and an appeal has been prosecuted from both said judgments.

*H. L. Ponder*, for appellants.

1. The appeal was taken and perfected within the time provided by law. Kirby's Digest, § 1348; 65 Ark. 419.

2. A guardian appointed by will can not be removed in the manner attempted. Kirby's Dig., §§ 3763-3764.

3. Beakley, if removed, is entitled to commissions on the amount to be paid over to the guardian in succession. Kirby's Digest, § 3828; 21 Cyc. 175-6.

*Cunningham & Blackford*, for appellees.

1. The probate court had power to remove.

2. There was no error in dismissing the appeal. 65 Ark. 419.

3. The removed guardian was not entitled to the commission claimed. He had clearly failed to comply with the law. Our statute clearly leaves it within the sound discretion of the court to allow a guardian compen-

sation for his services. Kirby's Digest, § 3784; 38 Ark. 482.

KIRBY, J., (after stating the facts). (1) The statute provides, section 1348, Kirby's Digest: "Appeals may be taken to the circuit court from all final orders and judgments of the probate court at any time within twelve months after the rendition thereof by the party aggrieved filing an affidavit and prayer for appeal with the clerk of the probate court, and upon the filing of such affidavit, the court shall order an appeal at the term at which such judgment or order shall be rendered, or at any term held within twelve months thereof."

The statute clearly authorizes the appeal to be taken at any time within twelve months after the rendition of the judgment appealed from, and provides that upon the filing of the affidavit prescribed, the court shall order an appeal at the term at which the judgment or order was rendered, if the affidavit was then filed, or at any term within twelve months thereof.

This last expression does not have effect to extend the time for taking the appeal beyond twelve months from the rendition of the judgment, although it permits the order to be made at any subsequent term of court, provided it is made within said twelve months after the rendition of the judgment.

(2) The order not having been made granting the appeal until more than twelve months after the rendition of the judgment, it was properly dismissed.

(3) The statute provides, section 3828, Kirby's Digest: "Guardians and curators shall receive such compensation for their services as the court shall decide to be just and reasonable."

The probate court found that the guardian's conduct of the management of the estate of his wards was such as to require his removal, and removed him. The record shows that he had not filed an inventory of the estate; that he did not file separate accounts with each of his wards; that he failed to file an account for 1912; permitted the lands of his wards to sell for taxes, necessitating of course, their redemption from such sale for their

protection, and that he also failed to pay a certain allowance made by the court for the support of the minors.

There is no showing made of any service rendered that would entitle him to further compensation and both the probate and circuit court, having found he was entitled only to commissions upon the amounts paid out by him as guardian, and not upon the amount paid over upon final settlement after his removal, the judgment will be affirmed. *Stanley* v. *Deihough,* 50 Ark. 201. It is so ordered.