## MASON v. GATES.

### Opinion delivered April 8, 1907.

1. DEED—EFFECT OF CONVEYANCES BY PLAT.—When the owners of a block of land sell the lots into which it is divided according to a

certain plat, such plat becomes unalterable without the consent of the owners of the lots. (Page 300.)

2. TAX SALE—VALIDITY.—The Act of March 14, 1879, providing for the sale of lands for delinquent taxes at private sale, is unconstitutional, as authorizing the appropriation of such lands without due process. *Bagley* v. *Castile*, 42 Ark. 77, followed. (Page 301.)·

3. SAME—CONFIRMATION.—A tax sale of law under the act of March 14, 1879, which was unconstitutional, could not be confirmed. (Page 301.)

4. CLOUD ON TITLE—BURDEN OF PROOF.—In suits to quiet title, as in actions of ejectment, the plaintiff must succeed, if at all, upon the strength of his own title, and not upon the weakness of his adversary's; the burden being upon him to show title. (Page 301.)

Appeal from Prairie Chancery Court; *John M. Elliott,* Chancellor; reversed.

*M. J. Manning,* for appellants.

1. The original survey and plat, and actual location according to the survey and the intention of the parties, must control. 8 Ballard, Real Prop. 619; 2 *Id.* 506; 6 *Id.* 685; 7 *Id.* 617; 10 *Id.* 550; 110 Ia. 585; 15 Ark. 297; 9 Enc. of Law, 57, 59; 32 U. S. 554; Tiedeman, Real Prop. 828; 48 Ark. 498. No errors committed by the party preparing a plat for record, or in recording the same, will change the location of lots sold by the first survey or original plat. 115 Mo. 607; 3 Ballard, Real Prop. 575; 2 *Id.* 505. And the original map is admissible in evidence. 33 Ark. 119.

2. The complaint sets up no facts that would entitle the appellees to a decree divesting title out of parties holding possession under claim of title, and vesting it in appellees. Moreover, their claim is based on tax titles only. The particular tracts of land or lots on which taxes are due are alone liable for the taxes charged to them, and no other tracts or lots can be sold therefor. 15 Ark. 40; 42 Ark. 343; 41 Ark. 149; 9 Ballard, Real Prop. 795. The interest of only the party in default may be sold. 18 Ark. 441. The object of describing in the advertisement the land to be sold being to inform the owner that it will be sold unless the taxes are paid, the test is, is the description sufficient to put the owner on notice? 50 Ark. 488; 50 Ark. 23.

A description according to an unrecorded map is sufficient for tax purposes and tax sales.   53 Ark. 114.

*J. H. Harrod,* for appellees.

BATTLE, J.   There are two plats of block 43 in the town of De Valls Bluff, in this State.   One has been recorded; the other has not.   The unrecorded we shall call plat No. 1; the other, plat No. 2.

F. Gates and R. S. Moore brought this suit against John Malcolm and S. R. Mason in the Prairie Chancery Court.   Gates alleged that, prior to September, 1891, he acquired a tax title to lots 25 and 26 in block 43 in De Valls Bluff, and at the September, 1891, term of the Prairie Circuit Court on the chancery side, he recovered a decree confirming his title to these lots, and has had actual possession of the same ever since then. That Jacob Frolich, after acquiring title through many conveyances to "lot 27, north of the town branch," and lot 28, in block 43, in De Valls Bluff, on the 27th of September, 1900, conveyed the same to R. S. Moore.   Lots 25, 26, 27 and 28 are so designated according to plat 2.   Plaintiffs further alleged that there is an old printed plat of the town of De Valls Bluff (plat 1), which, according to the arrangement of block 43 and the numbering thereof, shows that lots 25, 26, 27 and 28 on plat 2 are lots 5, 6, 7 and 8.   That John Malcolm obtained a deed from his co-defendant, S. R. Mason, to lot 5 on plat 1; that Mason acquired "some kind of a deed to lot 6, which undertook to convey it according to plat 1; and that the deeds of defendants are clouds upon the titles of plaintiffs.

Plaintiffs asked that such titles as the defendants acquired to lots 5 and 6 in block 43 be held to apply to lots 5 and 6 as designated on plat 2, instead of lots 5 and 6 in block 43 as shown by plat 1, and that 25, 26, 27 and 28, in block 43, as shown by plat 2, be declared the correct and proper description of said lots, and that their titles to the same be quieted as against the defendants.

The defendants answered and denied that plaintiffs have been in possession of the lots claimed by them.   They alleged that there are two plats of block 43 in the town of De Valls Bluff; that there is an error in the making of plat 2; and that

the lots were numbered one way in plat 1, and numbered around the other way in plat 2. That. in the spring of 1866 R. C. Brinkley, Paul Goodloe, F. E. Whitfield, and J. J. Worsham, gave B. D. Williams a power of attorney, thereby authorizing and impowering him to lay off said land into town lots, and to sell, convey, or otherwise dispose of the same; and that Williams, acting under this authority, caused the land to be surveyed and laid off into town lots; and when the survey was completed, printed plats were made according to the survey, and were freely distributed and given away, and Williams, acting for the owners, sold the lots, or as many as he could, according to plat 1, and purchasers took and held possession accordingly. That afterwards, in order that plat 1 might be placed on the record, a copy was made, but the person making it made an error in dividing block 43, and numbering the lots as they appear in plat 1. He commenced at the northwest corner and numbered east around the block, instead of commencing at the northwest corner and numbering south around the block, as they were numbered on plat 1. That Brinkley, Goodloe and others, the owners of the land, divided into lots, sold lot 5 in block 43, according to plat 1, to W. A. Rives. On the 15th of May, 1876, it was forfeited to the State for taxes, and on the second day of May, 1883, the Commissioner of State Lands of the State of Arkansas sold and conveyed it to the defendant S. R. Mason, who sold and conveyed it, on the 14th day of January, 1901, to his co-defendant, John Malcolm. Mason also owns lot 6 in the same block. Lots 7 and 8 in block 43, as shown by plat 1, are the property of the estate of Captain Hanna, deceased, and J. R. Hanna, That all the sales of lots in block 43 by Brinkley, Goodloe and others, the original owners, were made according to plat 1, and the lots have been listed and assessed · for taxation in accordance with plat 1, and for "thirty-five years no question has been raised to the location of said lots until after plaintiffs herein commenced their action to deprive others and take from them their property." Defendants further alleged that the following persons, William Cook, Patty C. Strong, George W. Nail, Jr., W. W. Hippolite, W. E. Maxwell, the town of De Valls Bluff, L. K. Armstrong, and the Bluff City Bank are the only persons claiming any of the lots in block 43, except the

parties to this suit; and asked that their answer be taken as a cross complaint, and the parties named be made defendants and cited to appear; and that upon final hearing of this cause plat 2 be re-formed, amended, and corrected so as to show the numbering of lots in block 43 the same as they appear in plat 1, and that plaintiff's complaint be dismissed for want of equity.

The parties named in the cross complaint as the owners of lots in block 43 and Eugene Lankford, on his own motion, were made parties, and all answered, except Strong and the Bluff City Bank.

Plaintiffs, Gates and Moore, answered, and Gates, as to the allegation in the cross complaint as to the assessment of lots, said: "In so far as the entering of said lots and blocks upon the assessment books, he is not advised as to whether the officers are governed by the recorded plat (plat 2), but they are presumed to have discharged their duties in the premises, and, there being but one plat to govern them, it is presumed that the assessment books were made up with reference to the plat recorded (plat 2)." But as to such assessments his co-plaintiff, Moore, said nothing.

Kate A. Crawford, Orzilla Adams, James R. Walker, and W. T. Walker filed their petition for intervention herein, and alleged that they are the only heirs of G. W. Hanna and J. R. Hanna, both deceased, and that J. R. Hanna, in his lifetime, was the owner and in possession of lots 7 and 8 in block 43, as shown by plat 1.

William Cook alleged that he purchased and is the owner of lots 9 and 10 in block 43, according to plat 1. Ellen Nail alleged that she purchased from the plaintiff, F. Gates, and is the owner of lot 21, in block 43, according to plat 2; Warren Maxwell alleged that he purchased and is the owner of lots 17 and 18 in block 43 according to plat 1; the town of De Valls Bluff that it purchased and owns parts of lots 13 and 14 in block 43 according to plat 2; L. K. Armstrong that he purchased from F. Gates lots 7 and 8, in block 43, according to plat 2. F. Gates, in further response to cross-complaint, claimed lots 1, 2, 3, 4, and 10, 11, 12, and lots 13 and 14, except a portion thereof conveyed to De Valls Bluff and lots 22, 25 and 26 in block 43. Hippolite says he purchased from F. Gates lots

19 and 20 in block 43 according to plat 2, and from R. Dindale lot 15 in same block according to plat 1. Eugene Lankford purchased lot 5 in block 43, according to plat 1, from the defendant, John Malcolm, and deraigned title from the owners who caused the land in controversy to be laid off in town lots.

Upon final hearing of the cause the chancery court found that plat 2 is the correct plat, and "ordered, adjudged, and decreed that the title to lot 27 north of town branch and all of lot 28 in block 43 be quieted in S. R. Moore, and that the defendants, Mason and Malcolm, and the intervener, Lankford, be and they are hereby estopped from setting up any claim to the title thereto; that the title to lots 25 and 26 and all of lot 27 south of town branch be quieted in F. Gates, and that the defendants and interveners herein be, and they are hereby, estopped from setting up any claim to the title thereto; that all deeds constituting the chain of title to Warren Maxwell from the original owner of lots 15 and 16, conveying same as lots 17 and 18, be and they are hereby so reformed as to convey lots 15 and 16, block 43, and all deeds constituting the chain of title from the original owners of lot 18 conveyed as lot 15 be and the same are so reformed as to convey lot 15, block 43. De Valls Bluff." And overruled and dismissed the petition of the heirs of G. W. and J. R. Hanna, deceased. Defendants and interveners appealed.

Robert C. Brinkley, Paul Goodloe, J. J. Worsham, and Francis E. Whitfield, being the owners of certain lands, impowered B. D. Williams to lay off the same into streets and town lots, and to sell and convey the same. In pursuance of the power vested in him, Williams caused the lands to be laid off into streets and town lots, which constitute the town of De Valls Bluff, in the county of Prairie, in this State. A part of the lots so laid off constituted and was designated as block 43, and was bounded on the west by a street called Main, on the south by Market, on the east by Roberson and on the north by Brinkley Street. There were 28 lots in the block. Commencing at the northwest corner of the block, the lots were numbered south from 1 to 8, inclusive, each fronting west on Main Street, and lots numbered 9 to 18, inclusive, fronted south on Market Street, and 19 to 28, inclusive, fronted north on Brinkley Street. This location and

names of streets, and the division into and numbering of lots are shown by plat 1. All these lots were sold and conveyed by the owners of the land in April or May, 1866, according to plat 1, and the purchasers took possession of them and held accordingly.

The tax title claimed by F. Gates in plaintiff's complaint to lots 25 and 26 in block 43 was acquired under and by virtue of the act of the General Assembly entitled "An act to provide for the redemption of delinquent lands and to repeal sections 5185 and 5186 of Gantt's Digest," approved March 14, 1879. This is shown by the fact that they were not sold at the alleged sale under which Gates claims, by the tax collector or any public outcry.

Eugene Lankford holds and is entitled to lot 5 in block 43, as shown by plat 1, by an unbroken chain of title from the original owners through many grantors to himself.

Lot 6 in block 43 was sold by the original owners to Brinkley, and we find in the record nothing to show that he or his heirs ever lost or conveyed title.

G. W. Hanna and J. R. Hanna, one or both, occupied lots 7 and 8 in block 43 on plat 1. During their lives G. W. Hanna erected a building on lot 8. The building was occupied by tenants, and the Hannas, or one of them, collected the rents until both of them died. They were never sold for taxes, and there is no evidence that any one ever acquired the interest of the Hannas except that F. Gates & Company, or Isaac Gates & Brother, collected the rents after the death of the Hannas.

Plat 1 is the true, genuine and correct plat of block 43 in the town of De Valls Bluff, in this State. When the owners of the block sold all the lots into which it was divided, according to that plat, the plat became unalterable without the consent of the owners of the lots. The right of the purchaser to hold the lot or lots as laid off and numbered on the plat became vested and absolute. The change in the division into town lots and numbering thereof was without authority and void. No one had the right to confuse the titles and boundaries of lots, in the manner indicated by plat 2. This, however, does not prevent the owner of any lot subdividing it and selling it in any parts or shapes he and his purchasers may agree upon.

F. Gates acquired no title to lots 25 and 26 in block 43 by the disposal of the same for taxes according to the act of March 14, 1879. That act was unconstitutional and void, because it authorized the appropriation of delinquent lands to the payment of taxes without due process of law. *Bagley* v. *Castile,* 42 Ark. 77. The confirmation of such act of appropriation by decree of court could do and did nothing more than declare that such act was in conformity with the act of March 14, 1879, which, being beyond the power of the Legislature to authorize, was equally beyond the jurisdiction of the court to confirm.

Lots 27 and 28 in block 43 were forfeited to the State of Arkansas on account of the non-payment of the taxes of 1872. This was the title acquired by the plaintiffs in the original complaint by purchase from the State of Arkansas. The defendants Malcolm and Mason alleged in their cross complaint that the assessment and sale of lots in block 43 for taxes for thirty-five years before the 31st of March, 1903, the date of the filing of their answer and cross complaint, have been according to plat 1; and that lots 25, 26, 27 and 28 claimed by the plaintiffs under tax titles were assessed for taxes and forfeited to the State according to plat 1. This allegation was not denied in answer to the cross complaint. Neither did they deny "any knowledge or information thereof sufficient to form a belief;" and it stands admitted, and this admission is corroborated by other evidence in the case. So the lots conveyed to them by the State of Arkansas were lots 25, 26, 27 and 28 in block 43 according to plat 1; and the lots claimed by the defendants are lots 5 and 6 in block 43 according to the same plat. The defendants' claim can not be a cloud upon the title of plaintiffs to lots 25, 26, 27 and 28. But to create a cloud they ask the court to "order, adjudge and decree that such titles as these defendants have acquired to lots 5 and 6 in block 43 be held to apply to the description to cover lots 5 and 6" as shown by plat 2, instead of "lots 5 and 6 as shown in plat 1." This is too unreasonable to demand a moment's consideration.

In suits to quiet title the plaintiff must succeed, if at all, as in actions of ejectment, upon the strength of his own title, and can not rely upon the weakness of his adversary's, and the burden is upon him to show title. *Lawrence* v. *Zimpleman,*

37 Ark. 644, 647; *Kelley* v. *Laconia Levee District,* 74 Ark. 202; *St. Louis Refrigerator & Wooden Gutter Co.* v. *Thornton,* 74 Ark. 387; *Chapman & Dewey Land Co.* v. *Bigelow,* 77 Ark. 338, 346. Plaintiffs have failed to show title to lots 5, 6, 7 and 8 in block 43, and are not entitled to recover.

The decree of the chancery court is reversed, and the cause is remanded with direction to the court to enter a decree in accordance with this opinion.