## MORRIS *v.* BREEDLOVE.

### Opinion delivered February 8, 1909.

1. CLOUD ON TITLE—BURDEN OF PROOF.—In a suit to quiet title the burden is on the plaintiff to show title in himself. (Page 297.)

2. TAXATION—EFFECT OF DEED FROM LAND COMMISSIONER.—A deed from the State Land Commissioner conveying to a purchaser land forfeited to the State for nonpayment of taxes is merely *prima facie* evidence of title. (Page 297.)

3. LIMITATION—PAYMENT OF TAXES—SUFFICIENCY.—An attempt by a purchaser of land at a void tax sale to subdivide and plat the land and to pay taxes on it as thus platted was unauthorized as against the true owner, and payment of taxes on the land under the description in such plat will not entitle the tax purchaser to the benefit of the seven years statute of limitation of March 18, 1899. (Page 298.)

Appeal from Benton Chancery Court; *T. H. Humphreys,* chancellor; affirmed.

R. S. Morris, on November 23, 1903, filed an *ex parte* petition to quiet his title to lots 1, 2 and 3, block 23, Beauchamp's Addition to Siloam Springs, Arkansas, claiming title by virtue of a deed executed to him by the State Land Commissioner, and also by virtue of adverse possession and payment of taxes for the past consecutive ten years.

At the January term, 1904, John W. Breedlove appeared and filed answer and cross complaint to said petition, denying plaintiff's claim of title, averring title in himself and asking that plaintiff's title be cancelled. After Breedlove's death in May, 1904, his wife, Carrie W. Breedlove, and his children were made parties.

Prior to 1889, the title in these lots was in W. H. Leach. The lots were sold to the State for the taxes of that year. In 1893 Leach died. In 1899 Leach's heirs undertook to convey the lots to John W. Breedlove, but by mistake the deed was executed to James W. Breedlove.

In 1892 plaintiff purchased the lots and took deed from the State Land Commissioner, and paid the taxes on them for the years 1893 and 1894. In 1895, 1896 and 1897 the lots as above described were assessed in the name of Nancy J. Leach, and she paid the taxes on them. In 1898 they were again for-

feited to the State for non-payment of taxes, and in 1900 John W. Breedlove paid the taxes.

In March, 1895, plaintiff, who owned all the other lots in block 23 in Beauchamp's Addition, caused the block to be replatted, making 13 lots out of the original 6,' and called the plat Morris's subdivision of block 23, Beauchamp's Addition, and had this subdivision assessed in his name, and from 1895 up to the filing of this suit paid taxes on said subdivision. It is conceded that plaintiff's tax title was void. The chancellor quieted defendant's title.

Plaintiff has appealed.

*E. P. Watson,* for appellant.

The deed of the Commissioner of State Lands is *prima facie* evidence of title, and, until set aside, title is conveyed to the purchaser. 49 Ark. 275; 69 *Id.* 424. The owner of a lot or block of land may divide it and sell it in any parts he may choose. 82 Ark. 300.

*Winchester & Martin* and *R. F. Forrest,* for appellees.

One in actual possession for seven years, holding adversely, notoriously, and continuously, acquires title, even against the true owner. 75 Ark. 194; 70 *Id.* 256; 50 *Id.* 390; 45 *Id.* 81; 57 *Id.* 523. Plaintiff must succeed, if at all, upon the strength of his own title, and the burden is upon him to show title. 37 Ark. 644; 74 *Id.* 202; 77 *Id.* 338; 82 *Id.* 301.

WOOD, J. The decree of the chancellor was correct. The burden was upon appellant to show title. *Lawrence* v. *Zimpleman,* 37 Ark. 643; *Mason* v. *Gates,* 82 Ark. 294; *Meyer* v. *Snell, post* p. 298. This he fails to do. The forfeiture under which he claims was void, and his commissioner's deed was only *prima facie* evidence of title. *Scott* v. *Mills,* 49 Ark. 275; *St. Louis Refrigerator & Wooden Gutter Co.* v. *Thornton,* 74 Ark. 383; *Cracraft* v. *Meyer,* 76 Ark. 450. The *prima facie* evidence was sufficient to establish the fact unless the contrary is shown. 6 Words and Phrases, 5547, 5550. But here the contrary is shown. Appellant concedes that the forfeiture for the taxes of the year 1889 was void, and that the finding of the court to that effect is conclusive on him. As the commissioner's deed did not convey to appellant the title to the lots in controversy,

the title was in the true owner, as the court found, and he paid taxes thereon for the years 1895, 1896 and 1897 under the correct assessment. No one but the true owner would have the right to subdivide and plat the lots. *Mason* v. *Gates,* 82 Ark. 300.

Appellant's attempt to subdivide and plat the lots and to assess and pay taxes on them as thus platted was unauthorized as against the true owner. Appellant could not use his void commissioner's deed as a sword under the act of March 18, 1899, to cut off the rights of the true owner. Appellant could not succeed under that act unless he could get the benefit of the payment of the taxes for the years 1895, 1896 and 1897. But the assessment under the plat which he made for those years, as we have said, was illegal and void, so far as the true owner was concerned.

The decree is therefore affirmed.