WOOD *v.* FREEMAN-SMITH LUMBER COMPANY.

Opinion delivered October 20, 1913.

1. TITLE—TITLE FROM COMMON SOURCE.—Where plaintiff and defendant in a suit to quiet title both deraign title from the same source, the plaintiff need not go behind that source to prove his title. (Page 500.)

2. CLOUD ON TITLE—TITLE FROM COMMON SOURCE—ESTOPPEL.—Appellant claimed title to lands by a deed from D, and appellee claimed the right to cut the timber on said lands by a conveyance of the timber from D, prior to appellant's deed, but which right had expired; *held,* appellee is estopped to deny the title of his grantor D, and appellant is entitled to a decree quieting his title to said lands. (Page 501.)

Appeal from Calhoun Chancery Court; *James M. Barker,* Chancellor; reversed.

*B. L. Herring* and *E. E. Williams,* for appellant.

Plaintiffs need not go back of a common source of title in this suit to quiet title. 90 Ark. 420-423; 41 Ark. 17-21; 44 Ark. 517-519; 49 Am. Dec. 383-389; 8 L. R. A. 727-732; 139 S. W. 149.

*Gaughan & Sifford,* for appellee.

The principle of "common source of title," invoked by appellants, does not obtain in this case, and the rule basing recovery on the strength of plaintiff's title has no application. The only question is, can plaintiffs show title to the land so that the court may find that the existing *timber deed* is a menace to that *title.*

McCULLOCH, C. J. This is an action instituted by appellants, Mattie Wood and C B. Primm, against appellee, Freeman-Smith Lumber Company, to quiet title

to certain tracts of land in Calhoun County, Arkansas, and to restrain appellees from removing timber from such lands.

Appellee held a timber deed, executed to it by W. C. Dunn, dated November 2, 1899, conveying to appellee the timber on the lands and giving time to remove the same. That time has, according to the allegations of the complaint and proof in the case, expired, and the purpose of this suit is to cancel the timber deed as a cloud on the title of appellants and to prevent appellee from cutting the timber as it threatens to do.

The chancery court granted the relief sought as to some of the tracts and cancelled the timber deed as to those tracts; but dismissed the complaint as to the other tracts on the ground that appellants had failed to prove title to those tracts.

Both parties appealed to this court, but it is not insisted by the defendant, Freeman-Smith Lumber Company, that the decree against it cancelling its timber deed as to some of the tracts was erroneous; therefore, that part of the decree will stand affirmed without further discussion.

W. C. Dunn conveyed the lands to appellant subsequent to the execution of his timber deed to appellee. The parties, therefore, claim title from a common source, and it was unnecessary for appellants to deraign title beyond the common source. That is the rule in actions of ejectment as well as those to quiet title. *Stafford* v. *Watson,* 41 Ark. 17; *Griesler* v. *McKennon,* 44 Ark. 517; *Harrison Machine Works* v. *Bowen,* 200 Mo. 235. The rule is stated as follows in Sedgwick & Wait on Trials of Title to Land, § 803: "Whenever plaintiff and defendant both deraign title from the same source, the plaintiff usually need not go behind this source to prove his title. * * * Where the defendant can show a better title outstanding, and has acquired it, the rule ceases to apply. Where the defendant is allowed to impeach the common source of title, he must establish that he himself has acquired a superior title, and, except to

this extent, he is not permitted to invoke the rule that the defendant can defeat the plaintiff by showing a better title in a third person."

This principle applies with peculiar force to the present action wherein appellants seek to cancel, as a cloud on their title, a timber deed previously executed by their grantor to appellee. Appellee is estopped to deny the title of its grantor, W. C Dunn, who is also the grantor of appellants, and it does not claim any right to take the timber except under that deed. The court, therefore, erred in denying relief as to all of the tracts of land described in the complaint. The decree as to those tracts to which appellants were denied relief is, therefore, reversed and the cause remanded with directions to enter a decree in appellant's favor as to those tracts.