RUSHING *v.* THOMPSON.

4-7554                                    185 S. W. 2d 941

Opinion delivered March 5, 1945.

*Claude E. Love* and *Sam Goodkin,* for appellant.

*J. V. Spencer,* for appellee.

MILLWEE, J.   This is a suit to remove a cloud from title of a ten acre tract of land.   Appellant, J. F. Rushing, brought the suit as a member and steward of the Rhodes Chapel Methodist Church.   R. H. Thompson and wife, the trustees of the First Methodist Church of Strong, Arkansas, and H. L. Hunt were made parties defendant.

It was alleged that the Strong Charge of the Methodist Church included George's Chapel Methodist Church which had been without a church house for several years, but owned 10 acres of land upon a part of which is located George's Chapel Cemetery; that on or about September 10, 1942, the Strong Methodist Church, by its trustees, made and delivered to appellee, R. H. Thomp-

son, a warranty deed to said property; that none of the trustees or any other person having authority from Rhodes Chapel signed said deed, and same was void for the reason that said deed was unauthorized and for the further reason that it was notarized several months before its purported execution. There were other conveyances which appellant sought to set aside, but under the stipulation hereinafter set out the parties agreed that the validity of such conveyances would be determined by the findings of the court as to the validity of the deed above mentioned.

The prayer of the complaint was that all of the conveyances described therein be set aside and cancelled as clouds upon the title of the interest of Rhodes Chapel in said lands. A demurrer to the complaint was filed by appellees which the court overruled. Appellees then answered, admitting the execution of the deed to R. H. Thompson by the trustees of the Methodist Church, Strong Charge, alleging that said conveyance was made in full compliance with the canon laws of the Methodist Church. The cause was submitted to the court upon the pleadings and the following stipulation:

"1. That the property involved herein is: (Here follows a description of the land as shown in the complaint).

"2. That this property is known as the George's Chapel Methodist Church and Cemetery Plot; that it has been used as such for a period of several years; that no church house is located upon the said land, but it is still used as a cemetery.

"3. That this property belonged originally to the Methodist Church South, Strong Charge, consisting of the Methodist Churches at Strong, Rhodes Chapel, George's Chapel, and other churches.

"4. That at the Third Quarterly Conference of the Methodist Church, meeting at the Vantrease Memorial Church, El Dorado, Arkansas, on the 30th day of July, 1941, a resolution was adopted authorizing the trustees of the Methodist Church, Strong Charge, Camden Dis-

trict, to execute a warranty deed to R. H. Thompson covering the property described as being George Chapel property of the Strong Charge, Camden District, Methodist Church, and that in pursuance of the authority granted by said resolution, E. L. Vestel, J. E. Cooper, G. C. Craig, P. E. Harper, and R. A. Burgess as trustees, executed the deed to R. H. Thompson and that same was approved by Leland Clegg, District Superintendent of the Camden District of the Methodist Church, that said deed bears the date of September 10, 1942, although acknowledged on the 1st day of April, 1942, and filed for record in Circuit Clerk's office on the 15th day of April, 1942, that said deed together with the minutes of the meeting and the resolution adopted is attached hereto and made a part of the stipulation. A copy of the deed from R. H. Thompson to the First Methodist Church of Strong is hereto attached and made a part of the stipulation.

''5. Should the deed above described from the trustees convey title to R. H. Thompson then in that event it is agreed that all subsequent conveyances are valid and the subsequent conveyances are the ones named in plaintiff's complaint and if the deed above described conveyed no title then the subsequent conveyances likewise conveyed no title.

''6. It is further stipulated that none of the trustees of Rhodes Chapel, Methodist Church, signed any of the conveyances mentioned in plaintiff's complaint.

''7. That Rhodes Chapel, Methodist Church, is a part of the Strong Charge and is responsible for its proportionate part of the expenses of carrying on the work of the Methodist Church, Strong Charge.

''8. That on May 10, 1939, the M. E. Church, South, of which the Strong Charge was a part consolidated with other Methodist Churches of America and since that date has been one body and under the authority and canons of the Methodist Church.''

A decree was rendered dismissing appellant's complaint, the court holding that appellant did not own title

to the lands in controversy and had no right to have the deed cancelled.

Our statute (§ 11369, Pope's Digest) which defines the powers of trustees of church property, provides that the trustee or-trustees for the time being of any religious society shall have the same power to defend and prosecute suits at law or in equity, and to do all other acts for the protection, improvement and preservation of said property, as individuals may do in relation to their individual property. And, at 54 C. J. p. 80, in a discussion of actions to determine rights to property of religious societies and persons entitled to sue therein, it is said: "In general, no right to sue in behalf of the church or society is vested in officers of the church other than the trustees, as, for example, in the minister, or the Session of the Presbyterian Church, or in the Bishop of the Roman Catholic Church, or in the members, in the absence of a demand made upon the officers authorized to act to do so, or of a showing that such demand would be unavailing.''

It is neither alleged nor shown that appellant is a trustee of the Rhodes Chapel Methodist Church, but it does appear that this church had a Board of Trustees. There is nothing in the pleadings or stipulation to show that appellant, or anyone in sympathy with his position, first demanded of such trustees that they act in his behalf, or that, if such demand had been made it would have been unavailing. Under this state of the record and the above general rule and statute, we think appellant was without authority to bring this suit, and the trial court correctly dismissed the complaint.

However, if it be assumed that the suit had been properly brought by appellant on behalf of the Rhodes Chapel Church, the trial court correctly held that the Rhodes Chapel Church did not own title to the ten acre tract of land. It is well settled that in suits of this nature the plaintiff must succeed, if at all, as in actions of ejectment, upon the strength of his own title and cannot rely upon the weakness of his adversary's title, and the burden is upon him to show title. *Lawrence* v. *Zimpleman,* 37 Ark. 643; *Kelley* v. *Laconia Levee District,* 74 Ark.

202, 85 S. W. 249, 87 S. W. 638; *Saint Louis Refrigerator & Wooden Gutter Company* v. *Thornton,* 74 Ark. 383, 86 S. W. 852; *Chapman & Dewey Land Co.* v. *Bigelow,* 77 Ark. 338, 92 S. W. 534; *Mason* v. *Gates,* 82 Ark. 294, 102 S. W. 190; *Little* v. *Williams,* 88 Ark. 37, 113 S. W. 340; *McMillan* v. *Morgan,* 90 Ark. 190, 118 S. W. 407; *Bullock* v. *Duerson,* 95 Ark. 445, 129 S. W. 1083. Tested by this rule appellant has not met the burden of proof in this case. According to the stipulation, the property originally belonged to the Methodist Church South, Strong Charge, consisting of the churches at Strong, Rhodes Chapel, George's Chapel and other churches. But it was further stipulated that the trustees of the Methodist Church, Strong Charge, in making the conveyance to R. H. Thompson were acting under the authority granted them by a resolution of the Quarterly Conference of the Methodist Church. While appellant alleged in his complaint that this deed was unauthorized, it is not contended that the resolution of the Conference was improperly passed or that the canon laws of the Methodist Church were not fully complied with in making the conveyance. In the absence of such proof, it must be assumed that the trustees of the Methodist Church, Strong Charge, Camden District, were properly authorized to execute the deed to R. H. Thompson. This being true, the Rhodes Chapel Methodist Church did not own title to the lands involved and would have no right to have the deed cancelled as a cloud upon its title.

Appellant also contends that the deed to Thompson was void on its face insofar as third parties are concerned, because the acknowledgment appears to have been taken five months before the date of the signature on said deed. According to the stipulation, the resolution authorizing execution of the deed was passed on July 30, 1941, the deed was acknowledged on April 1, 1942, and filed for record April 15, 1942. In support of his contention, appellant cites *Meech* v. *Fowler,* 14 Ark. 29. But in that case the court said: "The date, though *prima facie* evidence of the time of the execution, is not necessary to the validity of a deed, which takes effect from the time of its delivery." Appellant also cites *Smith* v. *Scarbrough,* 61

Ark. 104, 32 S. W. 382, in support of this contention, but in that case the court said: "The rule is well established that where a document purporting to be a duly acknowledged deed, with regular evidence of its execution upon its face, is found in the hands of the grantee, or if such deed is found upon the proper records, a presumption arises that it was delivered at the time it bears date, or at some time prior to the date of its acknowledgment." And it has been held that a deed dated, acknowledged, and recorded at different dates will be presumed to have been delivered at least as early as the date of acknowledgment. *Clark* v. *Akers,* 16 Kan. 166; 18 C. J. p. 415, 26 C. J. Deeds, § 185. It must be presumed, therefore, that delivery of the deed herein was effected prior to April 15, 1942, when it was filed for record by the grantee.

The decree of Chancery Court dismissing appellant's complaint is affirmed.