CHAVIS v. TAYLOR & COMPANY.

4-8098                                   200 S. W. 2d 507

Opinion delivered March 10, 1947.

*A. D. Chavis,* for appellant.

*A. F. Triplett,* for appellee.

ROBINS, J. This appeal presents a controversy as to the ownership of 36 feet off of the north end of the west half of lot No. 3, block 25, of Tannehill and Owen's Addition to the City of Pine Bluff, Arkansas. Appellant, a minor, through her next friend, instituted suit in the lower court alleging that she was the owner of this property by virtue of a warranty deed from E. N. Crawford and by virtue of having redeemed same from the State of Arkansas for the taxes of 1930 and also for taxes for the year 1938. She also alleged that she and her predecessors in title had been in the actual possession of said property from 1937 to 1944. Appellee was made party defendant and the prayer of appellant's complaint was that she be permitted to redeem said property from certain foreclosure sales through which appellee claimed title and that her title to the property be quieted and confirmed.

Appellee denied appellant's claim of ownership and possession, and alleged title in itself by virtue of a sale of the property to Paving District No. 35, in foreclosure proceedings to collect delinquent taxes of said district, and a subsequent conveyance from the district to appellee.

By the decree of the lower court appellant's complaint was dismissed for want of equity, and title to said property was quieted in appellee. To reverse that decree this appeal is prosecuted.

It was stipulated in the trial below that in 1926 E. N. Crawford and wife conveyed the tract involved herein to W. A. Kientz by deed which had been duly recorded; that the property was forfeited and sold to the State of Arkansas for taxes of 1930; that in 1936 E. N. Crawford executed a deed conveying this tract to A. D. Chavis, who, in 1939, conveyed it to A. D. Chavis, Jr., and in 1940 A. D. Chavis, Jr., conveyed it to appellant; that on January 25, 1937, A. D. Chavis obtained a redemption deed from the State Land Commissioner and that he obtained another redemption deed from the state in 1944 covering the sale to the state for delinquent taxes due for the year 1938; that the property having been sold to Paving District No. 35, through foreclosure proceedings in chancery court for delinquent assessments, Paving District No. 35, on October 13, 1944, sold and conveyed the property by deed duly recorded to appellee.

The tract in question is a vacant lot originally enclosed with a picket fence, but this fence long ago rotted down and parts thereof were removed by different people. There was no proof that appellant or any one through whom she claimed title had ever been in actual possession of the land. At one time a small portion of the lot was cultivated in a garden by a woman who lived near the tract in controversy, but it was not shown that she rented the property from or attorned to appellant or any of her predecessors in title.

For reversal it is argued that A. D. Chavis became the owner of this property because "he bought same from the State of Arkansas." But this contention is not borne out by the record. Mr. Chavis did not buy this land from the State of Arkansas and he did not acquire any title from the State of Arkansas by virtue of the two redemption deeds which be obtained. The effect of a redemption from the state of land forfeited for delinquent taxes is not to vest in the person making redemption the title which the state obtained by virtue of the delinquent tax sale, but merely to extinguish any right or lien of the state growing out of the said de-

linquent tax sale proceedings. Nor does the fact that the Commissioner of State Lands permits a redemption of lands sold to the state for non-payment of taxes establish that the person redeeming the land is the owner thereof. In the case of *Meyer* v. *Snell*, 89 Ark. 298, 116 S. W. 208, this court said: "Nor can we sustain appellee's contention that the State's redemption deed to him established the fact that he was the true owner of the land. The most that can be said of this is that the action of the Commissioner of State Lands in allowing him to redeem and executing a deed to him establishes merely his right to redeem from the tax sale; but it cannot be held to be an adjudication of his ownership of the land in litigation with another person."

Appellant obtained no title to the land by reason of the conveyance from E. N. Crawford to A. D. Chavis, because E. N. Crawford had previously conveyed the land to Kientz. Appellant fails to show any such adverse possession of the land by her or her predecessors in title as would vest title in her by limitation. Since the redemption deeds from the state conferred no ownership of the property, it is apparent that she had no title whatever.

"In an action to quiet title the plaintiff must rely upon the strength of his own title and not upon the weakness of his adversary's." *Gibbs* v. *Pace* (headnote 1), 207 Ark. 199, 179 S. W. 2d 690. See, also, *Greer* v. *Vaughan*, 128 Ark. 331, 194 S. W. 232. Since appellant shows no title whatever in herself, the lower court properly denied her relief; and it is unnecessary for us to consider any of the contentions as to invalidity of appellee's title that are urged by appellant.

The decree of the lower court is affirmed.