*G. Walker,* for the plaintiff.

*Thacher,* for the defendants.

SWEETSER *versus* LOWELL *&* al.

That the employments of a witness have not been such as to require him to distinguish between true and simulated handwritings, is not of itself alone, a sufficient reason to preclude him from giving an *opinion* as to the genuineness of a disputed signature, though the opinion be founded merely upon a comparison of writings.

That a note, offered in evidence, is the one secured by a mortgage of land, may be proved by parol, although it vary, in its date, from the description of it in the condition of the mortgage.

The lapse of twenty years furnishes a legal presumption, that a debt, though secured by a mortgage of land, has been paid.

Parol proof is receivable for the purpose of rebutting such a presumption.

The possession of land by the mortgager, though continued for more than twenty years, is not to be regarded as adverse to the mortgagee, while the debt remains unpaid.

Where testimony is conflicting, it is the province of the jury to decide. The rule is not to be prescribed to the jury, (though laid down in some ancient books,) that a fact is to be considered unproved, when the opposing witnesses are equal in number, of equal means of knowing, and of equal capacity and equal credit.

A covenant, in a deed of land, against incumbrances, made by the grantor, does not estop him from setting up a subsequently acquired title.

A deed has no effect till its delivery. The date is *prima facie* evidence, that it was then delivered. But the actual time of delivery may be proved by parol.

On REPORT from *Nisi Prius*, SHEPLEY, C. J., presiding.

WRIT OF ENTRY upon an alleged mortgage, brought by the assignee of the mortgagee against the grantees of the mortgager. The demandant introduced a paper, purporting to be the mortgage declared upon, and dated in 1824, conditioned for the payment, in 1826, of a note of the same date with the mortgage, given by the mortgager to the mortgagee. The demandant also introduced a note, indorsed to himself, purporting to be signed by the mortgager, and corresponding with that described in the mortgage, except that its date appeared to be 1821, instead of 1824. Upon the back of the mortgage was an assignment to the demandant, dated *March* 10, 1848. It was proved, however, that, though the demandant had purchased and received delivery of the note and mortgage *in* 1848, the written assignment of the mortgage was not in fact made until *March*, 1849.

The tenants introduced a deed from the demandant to them, dated *January* 10, 1849, releasing and quitclaiming all his title in the demanded premises, and declaring that his title was " the same, which he acquired by virtue of a deed of January 15, 1848, from Lorenzo D. Harmon, deputy sheriff, and no other."

The tenants denied the execution of the mortgage. Together with other evidence upon that point, the demandant called two witnesses to testify as to the genuineness of the signature upon the mortgage, by comparing it with other signatures of the mortgager, proved to be genuine. They testified that they had experience and skill in judging of handwritings, but had never been in positions where it became their duty to distinguish between genuine and counterfeit signatures, nor did they know the meaning of the word " expert." Their testimony was objected to by the tenants, but was admitted. They testified to their belief, derived from the comparison, that the disputed handwriting was a genuine signature.

There also was evidence tending to show that the note, produced by the demandant, was the note intended to be secured by the mortgage, though variant, as to the year of its date, from the description in the mortgage.

The Judge instructed the jury, *that* it was competent for the demandant to show by parol proof, that the note offered in evidence was the one secured by the mortgage, although not entirely agreeing with the one described in the mortgage ; — *that,* more than twenty years having elapsed from the payday of the note before this suit was commenced, the presumption of law is, that it had been paid ; — *that* this presumption might be rebutted by parole testimony ; — *that* the burden of such proof was upon the demandant ; — *that* the deed, if obtained by fraud, would be ineffectual ; and the burden of proving the fraud was upon the tenants; — *that* the deed of the demandant to the tenants, of Jan'y 10, 1848, did not transfer any interest to which he was entitled, as assignee of the mortgage, because though made *after* he had become the *equitable,* it was made *before* he had become the *legal* assignee.

Several instructions to the jury were requested : —

1. *That,* if a note, corresponding with the description in the mortgage, in its tenor, date and amount, is not produced and shown to be uncanceled, and if the demandant has not proved it to be unpaid, the verdict must be for the tenants ; and *that* the burden of proof is on the demandant to rebut the presumption of payment, arising from lapse of time.   This instruction was not given, otherwise than in the general charge.

4. *That,* if Smith and the tenants, who claim under him, had been in the adverse possession of the premises for a period of twenty years from the time when the mortgage debt became payable, and if the mortgage deed was procured by fraud, and if the demandant, at or before the time when the assignment was executed, had actual or constructive notice of the fraud, their verdict should be for the defendants.

This instruction was not given.

5. *That* if Smith, the mortgager, remained in possession of

the mortgaged premises for a period of twenty years after the mortgage debt became payable, claiming them as his own, that is to be held as an adverse possession against the mortgagee, and those claiming under him.

This instruction was refused, and the jury were instructed, on that point, that the possession by the mortgager is in law to be considered the possession of the mortgagee, and not adverse to his rights.

6 and 7. *That* if the testimony of Nash, who testified for the demandant, is directly contradicted by that of Smith, who testified for the defendant, and if the two witnesses are entitled to equal credit, the facts testified to by Nash are to be considered as unproved.

8. *That* the demandant claiming as assignee of the mortgagee, under an assignment purporting to have been executed on the 10th of March, 1848, is estopped by his deed to the tenants, of January 10, 1849, from claiming any title in the premises, which accrued prior to his said conveyance ; and is also estopped by the covenants in said deed from claiming under a title subsequently obtained.

9. *That* if the demandant purchased and obtained possession of the note and mortgage, on or about the tenth day of March, 1848, and if, in pursuance of that trade, and as a part of the transaction, the mortgagee, afterwards, in March, 1849, executed a written assignment on the back of said mortgage, said transfer would take effect from the time of the sale and delivery, and that Sweetser, having on the tenth of January, 1849, executed a deed to the defendants, in which, among other things, he declared that his right, title and interest in the premises, was the same he acquired by virtue of a deed from Lorenzo D. Harmon, deputy sheriff, dated January 15, 1848, and no other," is estopped from setting up a title under the purchase of said mortgage from the mortgagee.

The 6th, 7th, 8th and 9th requests were refused, further than already given ; and the jury were instructed that the demandant would not be estopped, as contended for in some of said requests.

If the Court shall be of opinion that any of said rulings, opinions or instructions were erroneous, or that any of said requested instructions were improperly withheld, then the verdict, which was for the demandant, is to be set aside.

*Thacher*, for the plaintiff.

*J. A. & S. H. Lowell, pro sese.*

TENNEY, J. — The definition of the word "expert" in Webster's Dictionary is, "properly experienced; taught by use, practice and experience; hence, skillful and instructed; having familiar knowledge of."

The testimony of William B. Smith, and Ignatius Sargeant, severally brought each fully within this definition, when applied to the term in reference to skill and experience in judging of handwriting. They are not the less experts, because they did not profess to know the precise meaning of the word expert, or because, they had not been in situations, where their duty required them to distinguish between genuine and counterfeit handwriting. When handwriting is a subject of controversy in judicial proceedings, witnesses, who, by study, occupation and habit have been skillful in marking and distinguishing the characteristics of handwriting, are allowed to compare that in question with other writings, which are admitted or fully proved to have come from the party, and to give opinions, formed from such comparisons. *Hammond's case*, 2 Greenl. 33 ; *Richardson* v. *Newcomb*, 21 Pick. 315.

Parol evidence is admissible to show a note, produced in evidence, to be the one secured by a mortgage, when it does not correspond in all respects, with that described in the condition. *Brown* v. *Littlefield*, 29 Maine, 302. The refusal of the Judge to give the instruction first requested, was correct.

The second instruction requested, was given in the general charge to the jury, as fully as the law demanded, or as it is believed to have been necessary in order that they should un-

derstandingly apply the law to the facts of the case ; and was not essentially different from that requested.

There is no evidence in the case, which made the former part of the fourth and the whole of the fifth instruction requested, material.

The attempt was not made to show that the mortgager was holding adversely to the mortgagee ; his possession is deemed in law to be that of the one, who has the legal title, and by whose permission he retains the possession. Such occupations continued for twenty years, cannot be regarded as adverse, so long as the debt secured by the mortgage is unpaid. The jury were instructed, if the mortgage deed was obtained by fraud, it was ineffectual to convey the estate ; and that the burden of proof was upon the tenants to make out the fraud. Of this the tenants could not justly complain ; it was as favorable to them under the latter part of the fourth request, as the law authorizes, and was not substantially unlike in principle, that requested.

It is the province of the jury to judge of the testimony of witnesses, and to weigh the evidence. If that on one side is irreconcilable with that on the other, they are to decide between the parties from all the facts and circumstances before them. The Judge had instructed them, that more than twenty years having elapsed after the maturity of the note, before the commencement of this suit, the presumption of law was, that the debt secured by the mortgage was fully paid ; but this presumption could be rebutted by parol testimony, the burden being upon the demandant, to show, that the note had not been paid. The jury could not have misunderstood this instruction. They were at liberty to consider of the evidence in any mode, which approved itself to them, and come to a determination upon the whole question, as they should believe a careful examination of the evidence required. The Judge was not required to give rules, as to the manner in which they should analyze the testimony of witnesses which was in conflict. There was no error in withholding the sixth and seventh instructions requested.

The eighth and ninth instructions, which the Judge was requested to give, were properly refused. A deed has no effect till its delivery. The date is *prima facie* evidence that it was then delivered. But it is not conclusive. The actual time of delivery may be proved by parol. And any fact tending to show the time, when it was delivered, is also competent. No parol evidence can be more satisfactory to show that the delivery was at a time subsequent to its date, than the fact, that the deed did not exist at the day of the execution, apparent upon its face. The Judge was requested to instruct the jury as an inflexible principle of law, that the assignment of the mortgage to the demandant, being dated on March 10, 1848, he is estopped by his quitclaim deed of January 10, 1849, in which he recites that he holds under no other title than that of Lorenzo D. Harmon, dated January 15, 1848, from claiming any title in the premises under the assignment; and also is estopped by the covenants in his deed from setting up a title, afterwards acquired in fact. Evidence, uncontradicted, was adduced, that no assignment was made till a time subsequent to the deed of demandant, of January 10, 1849. Although he had made an agreement for the purchase of the mortgage and the note secured thereby, prior to that time, the legal title was in the mortgagee, till afterwards; and the demandant's deed was only of the equitable interest in the land, which he claimed to own. He acquired no interest in the mortgagee's right, till the assignment was made by deed. And he could not convey an estate, which he did not own; nor could there be an estoppel by means of that which did not exist.

The covenant, which the tenants rely upon as an estoppel, was the one which is usual in quitclaim deeds against incumbrances made by the grantor. A title does not enure to the grantee under such a covenant, when it is acquired subsequently to the conveyance in which the covenant is inserted. *Pike* v. *Galvin*, 30 Maine, 359.

According to the agreement of the parties, judgment is to be rendered as upon mortgage.