## SMITH *v.* SCARBROUGH.

### Opinion delivered October 12, 1895.

DEED—TIME OF DELIVERY—PRESUMPTION.—The date of a deed, and not the date of its acknowledgment, is *prima facie* the date of its delivery. So, evidence that land was a homestead at the date of the acknowledgment of a mortgage thereon made ten days after date of the mortgage is not evidence that it was a homestead when the mortgage was executed.

Appeal from Logan Circuit Court in Chancery.

OSCAR L. MILES, special judge.

*Beardsley, Gregory & Flannelly* for appellants.

1. The Jarvis-Conklin Mortgage Trust Co. was a necessary party.

2. There was no proof to sustain the decree. The only proof was that Scarbrough owned and occupied, as a homestead, the land on the 11th day of January, 1889. The notes and mortgage were dated January 1, 1889, and were presumptively delivered on that day. 14 Ark. 29 ; 62 Wis. 380. This presumption holds good, although the instrument was acknowledged at a later date. 15 N. E. 674 ; 41. Ill. 439 ; 33 Me. 446 ; 42 Ill. 413 ; 10 B. Mon. 175 ; 10 Gray, 66.

*A. S. McKennon* for appellee.

BUNN, C. J. This is an action determined in the Logan circuit court, in chancery, wherein the appellant, as plaintiff in the court below, filed his bill to foreclose a mortgage of record, on the failure of the mortgagor to pay off two detached interest coupons; the principal bond and other coupons being outstanding and in the hands of other parties referred to in the complaint. The mortgage, bond and coupons, are dated 1st January, 1889, and the mortgage was acknowledged 11th of January, 1889, and subsequently recorded. The

mortgagor, Thomas C. Scarbrough, and his wife, Nannie L. Scarbrough, subsequently to the execution of said mortgage or deed of trust, on the 17th day of November, 1890, made their deed to defendant Leroy Hickson, conveying to him the lands conveyed in said mortgage. The mortgagees were not made parties, but Samuel M. Jarvis, the trustee holding the legal title, was made a party, and answered, and one of the contentions of plaintiff is that all parties in interest should have been brought in; otherwise the chancellor should not have rendered a decree cancelling the deed of trust, as he did, and thus the only decree he could have rendered would be to the effect that the complaint be dismissed for want of equity.

The principal question in the case, and the only one apparently considered, grows out of the allegation in the answer of Hickson and wife, that the deed of trust is invalid for the reason that, at the time of its execution, the lands conveyed therein constituted the homestead of Scarbrough and wife,—the wife not having joined in the conveyance of the homestead under the act of the general assembly, approved March 18th, 1887 (the deed of trust and certificate of acknowledgment in fact showing only that the wife had relinquished her right of dower),—and that Hickson had purchased from them, and held under a deed executed in accordance with the act referred to, and therefore, having vested rights, was not affected by the curative act of April 13th, 1893, as construed by this court in *Sidway* v. *Lawson*, 58 Ark. 124. The argument is not thus made, for defendants file no brief, but we take it that such is the theory of Hickson's contention.

If it be true that the grantors in the deed of trust occupied the lands as a homestead at the time of the execution of the deed of trust, or at the time when the same took effect as a conveyance, if otherwise valid, and

assuming that the act of 18th March, 1887, was a valid act, and that the deed to Hickson was a valid deed under that and the curative act mentioned, it follows that the decree against plaintiff is proper.

But the question really is, does the record and the proof show that Scarbrough occupied the lands as a homestead, or even owned the same at the time he conveyed the same in said deed of trust? It is alleged, in the answer of Hickson and wife, that Scarbrough was the owner of, and occupied the lands on the 1st January, 1889, the date of the deed of trust, as well as on the 11th January, 1889, the date of the acknowledgment of the execution of the same. The reply of plaintiff puts in issue all these allegations of the answer, and the only evidence adduced in the case was by the defendant Hickson, in the deposition of J. R. Scarbrough, a brother of S. C. Scarbrough; and he testifies that his brother was the owner of and occupied the lands as a homestead on the 11th day of January, 1889, the date of the acknowledgment of the deed of trust. There is no proof that he was the owner of the homestead prior to that date. We are thus left to determine at what date the deed of trust took effect as a conveyance to the trustee, by the rules of construction which the courts have applied in such cases.

In *Welch* v. *Fowler*, 14 Ark. 29, and *Wheeler* v. *Single*, 62 Wis. 380 (cited by appellant's counsel), it is held that the date of the deed is *prima facie* proof of the execution of the same at that time.

It is further said in *Scobey* v. *Walker*, 15 N. E. Rep. 674, *Sweetser* v. *Lowell*, 33 Me. 446, *Jayne* v. *Gregg*, 42 Ill. 413, *Ford* v. *Gregory*, 10 B. Mon. 175, also cited by appellant's counsel, that the acknowledgment is *prima facie* evidence of delivery on the day of the date of the deed, at least of some date prior to the date of the acknowledgment.

"The rule is well established that, where a document purporting to be a duly acknowledged deed, with regular evidence of its execution upon its face, is found in the hands of the grantee, or if such deed is found upon the proper records, a presumption arises that it was delivered at the time it bears date, or at some time prior to the date of its acknowledgement." *Scobey* v. *Walker, supra; Vaughan* v. *Godman*, 94 Ind. 191; *Wheeler* v. *Single, supra; Wallace* v. *Berdell*, 97 N. Y. 13; *People* v. *Snyder*, 41 N. Y. 397; *Trustees* v. *McKechnie*, 90 N. Y. 618; *McCurdy's Appeal*, 65 Penn. St. 290.

We have been unable to find any case wherein a different doctrine is announced. It would seem, according to the usual custom of dealing in such matters, that, as the acknowledgment is the act of a grantor which fits the instrument for record, this would naturally precede the delivery, ordinarily looked upon as the grantor's last act in respect to the deed, but it is agreed, in the cases which have become authorities on the subject, that there is no necessary inference that the act of acknowledging precedes the act of delivery, but rather that the contrary is true.

The decree of the court below canceling the deed of trust was erroneous, for the foregoing reason.

Decree reversed, and cause remanded for further proceedings in accordance herewith.

BATTLE, J., absent.