KIRBY v. MALONE.

Opinion delivered October 13, 1919.

1. SIGNATURES—PROOF OF GENUINENESS.—In an action to enforce specifically a written contract for the sale of land, the defendant contended that the contract which plaintiff tendered as the agreement of the parties was not such agreement, and that his signature thereto was a forgery. *Held*, the finding of the chancellor that the contract was the genuine contract entered into by the parties would not be disturbed on appeal.

2. SPECIFIC PERFORMANCE—DESCRIPTION OF LAND.—It is enough for specific performance that the contract describes the farms sold by names, these being capable of being made definite by extrinsic evidence.

3. SPECIFIC PERFORMANCE—HOMESTEAD.—On an appeal in equity the cause is tried *de novo* upon the record made below; and in an action for the specific performance of a contract to sell land only such testimony as is on the record will be considered in support of defendant's claim of homestead.

Appeal from Monroe Chancery Court; *John M. Elliott*, Chancellor; affirmed.

*C. F. Greenlee* and *Emerson, Donham & Shepherd*, for appellants.

The finding of the chancellor that appellants did execute the contract sued on is not supported by a preponderance of the evidence. A comparison of the signatures is convincing that Kirby and his wife did not sign the contract, and the description of the lands is not sufficient and definite enough. 21 Ark. 533; 85 *Id.* 1; 123 Ga. 415.

*Lee & Moore*, for appellees.

1. The findings of the chancellor are supported by a clear and great preponderance of the evidence. 203 S. W. 695; 129 Ark. 62-203; 134 *Id.* 211; 123 S. W. 269.

2. The description is definite and certain enough. 68 Ark. 548, 544; 40 *Id.* 238; 68 *Id.* 546; 106 *Id.* 85; 111 *Id.* 220.

3. The issue as to the genuineness of the signatures was not raised below and can not be raised here. 74 Ark. 89; 71 *Id.* 242; 203 S. W. 1017; 64 Ark. 305.

The findings below are fully supported by the law and the evidence.

McCULLOCH, C. J. This action was instituted by appellees, J. V. Malone, Jr., and Willie Malone, against appellants in the chancery court of Monroe County to compel specific performance of an alleged contract between the parties whereby appellants agreed to sell and convey to appellees two tracts of land situated in Monroe and Lee counties. The alleged contract is in writing, and, according to its terms, appellants granted to appellees, in consideration of twenty-five dollars, cash in hand paid, the option to purchase, within a stated time, said lands described as the "Joe Lusk farm" and the "Dave Kirby farm," containing 106 acres in Monroe County and 160 acres, more or less, in Lee County. The contract was dated May 31, 1917, and recited that the price for the purchase of the land was to be the sum of $7,000, and that the option must be exercised by the payment of said money before the first day of January, 1918. The instrument of writing appears to have been signed by appellants, D. M. Kirby and his wife, Henrietta Kirby, and witnessed by Mrs. Hettie Wynne.

Appellees elected to purchase said lands under the option, and tendered to appellants the stipulated purchase price on December 25, 1917, and also tendered a deed in proper form for execution by appellants, but the latter refused the tender and declined to execute the conveyance. In the answer filed in the court below appellants denied that appellees had purchased the land described in the complaint, or that they (appellants) had signed the contract set forth in the complaint, or that appellees had made a tender of the purchase price.

The case was heard by the chancellor on oral testimony reduced to writing and properly filed as part of the record, and it appears that the proof was directed entirely to the issue whether or not the contract relied on by appellees and exhibited with the complaint was the contract which the parties had entered into. Appellants admitted that they had signed a written contract with appellees granting an option to the latter to pur-

chase the lands, but they testified·that the contract exhibited was not the one they signed, and that its terms were different, in that the contract actually signed provided for a termination of the option on December 1, 1917, instead of January 1, 1918, as recited in the instrument relied on by appellees, and that it did not contain an acknowledgment of payment of the twenty-five dollars, the consideration for the option, as appears in the instrument relied on by appellees. Appellants both testified that the instrument exhibited was not the same that they signed, and that their signatures to the instrument exhibited were not genuine.

There was nothing presented to us for consideration except the bare question of fact whether or not the instrument exhibited and relied on by appellees is genuine. The testimony on this issue is voluminous. Both of appellees testified that the contract was the same as the one originally signed by appellants. The attorney who prepared the contract testified that it was the same. One witness testified concerning an express admission by appellant D. M. Kirby that the option extended to January 1, 1918, as shown by the instrument exhibited, and numerous other witnesses testified to statements made by Kirby which in effect amounted to the same admission. Both of the appellants, as well as Mrs. Wynne, testified that the instrument exhibited was not the contract signed by them, and that the signatures were not genuine. Quite a number of checks admitted to have been signed by D. M. Kirby were exhibited in evidence for comparison of his admitted signatures with that on the instrument in suit. Mrs. Kirby, and also Mrs. Wynne, each exhibited their genuine signatures for comparison with the signatures on the instrument in suit. The original instrument and the admitted signatures are brought up in the record here for our inspection, and have been duly examined. The judges of this court are not experts in the comparison of signatures, but it does not appear that there is sufficient dissimilarity to be controlling. There are slight

differences in the signatures, but the general appearances are the same.   The same differences appear by comparison between the admitted various signatures of D. M. Kirby.

Upon the consideration of all the testimony in the case, it does not appear that the finding of the chancellor in favor of appellees on the issue involved is against the preponderance of the evidence.

It is further contended that specific performance should not be decreed for the reason that the land is not accurately described.   The description in the contract was sufficient, for it mentioned the farms by names, which could be made definite by extrinsic evidence.   No extrinsic evidence was introduced on that subject, but in the complaint, accurate descriptions of the lands by Government plats were set forth, and the answer contained no denial that the names mentioned in the contract correctly covered the lands described.

Again, it is urged here for the first time that specific performance of the contract should not be compelled for the reason that a portion of the lands constituted the homestead of appellants.   There was no reference in the pleadings to the fact, if it be a fact, that any of the lands in controversy constituted the homestead of appellants, and the testimony adduced in the case was not directed to that issue.   On appeal, this court tries chancery causes *de novo* and must try them upon the record made in the trial below.   The only testimony in the record which could have had any bearing on the question of homestead was the incidental reference by some of the witnesses concerning the preparations by appellants to remove from the land where they were living.   These references were made as circumstances to show an admission on the part of Kirby that the contract did or did not extend to January 1, 1918, and were not sufficient to be treated as raising the issue that a part of the lands constituted the homestead.

We are of the opinion that there are no grounds shown for a reversal of the decree, and the same is therefore affirmed.