SCHWEITZER *v.* CRANDELL.

Opinion delivered January 17, 1927.

1. APPEAL AND ERROR—OBJECTION TO PARTIES.—In a suit to cancel a deed, where plaintiff died and the suit was revived in the names of certain persons as his heirs, the objection, raised by answer, that these persons were not plaintiff's heirs was waived by not insisting on it at the trial.

2. FRAUDS, STATUTE OF—SUFFICIENCY OF MEMORANDUM.—A memorandum of an agreement to deed land is sufficient if, in connection with the attendant circumstances, a surveyor could locate the land.

3. VENDOR AND PURCHASER.—CONSTRUCTION OF CONTRACT.—In construing an ambiguous contract for the sale of land the court will put itself in the position of the contracting parties as nearly as possible, and interpret the language used in the light of the attendant circumstances.

Appeal from Boone Chancery Court; *Lee Seamster,* special Chancellor; affirmed.

STATEMENT BY THE COURT.

H. A. Crandell brought this suit in equity against Robert Gaston, as administrator with the will annexed of the estate of L. H. Schweitzer, deceased, and the minor heirs at law of said L. H. Schweitzer, who were specifically named in the complaint, to cancel a deed to certain land in the town of Harrison and vest the title to said land in said H. A. Crandell. Among other defenses introduced was that of the statute of frauds.

On December 31, 1912, L. H. Schweitzer and his wife executed a deed to H. A. Crandell, conveying to him one and one-quarter acres of land in the town of Harrison, Boone County, Arkansas. The deed specifically describes the land conveyed and also recites that, if the grantor or his heirs should sell or convey the land south of the tract described, there should be left open a street, fifty feet wide, along the south side of the land conveyed. On the 2d day of June, 1913, L. H. Schweitzer conveyed to H. A. Crandell the tract of land in Boone County which is specifically described by metes and bounds in the deed. The conveyance also recites that the grantor will keep and maintain an open street not less than fifty feet in width upon the north, south and west sides of the land conveyed. Both of these deeds were duly acknowledged and filed for record.

On the 7th day of September, 1922, the death of H. A. Crandell was suggested and proved, and the cause was revived in the names of his heirs at law, who are named in the order, and leave was given to them to file an amended complaint. On the 12th day of July, 1923, Mae H. Schweitzer, wife of said L. H. Schweitzer, deceased, filed her answer.

Upon the trial of the case, the parties agreed that, after executing the deed in which L. H. Schweitzer agreed to open the streets and alleys above referred to, he did convey other property adjacent to said land, and failed to keep open the streets as provided in said deeds.

The following memorandum in writing was introduced in evidence.

"Harrison, Arkansas, July 6, 1920. Memorandum of agreement. I will deed you 2½ acres, block 4, including south street and alley, in satisfaction of all claims for damages to date.

"L. H. Schweitzer.

"I accept the above offer if deed sent at once. This July 6, 1920.

"H. A. Crandell."

This agreement was written across what purported to be "Schweitzer Addition to the Town of Harrison," as shown on a printed plat prepared by said L. H. Schweitzer. He issued a circular containing a plat of the land which he proposed to dedicate, which contained the following: "This addition is laid out on the nearest tract of land available for residence purposes, being platted on the east, south and north. It is only two blocks north and three blocks west of the public square."

It was proved that the signatures to the memorandum copied above were the genuine signatures of said L. H. Schweitzer and H. A. Crandell.

On the 9th day of November, 1920, L. H. Schweitzer conveyed to his wife, Mae Schweitzer, the land in controversy.

The chancellor found the issues in favor of the plaintiffs, and it was decreed that the contract between L. H. Schweitzer and H. A. Crandell was a valid and binding contract and that the deed from L. H. Schweitzer to Mae Schweitzer to the land in controversy should be annulled.

*Shouse & Rowland,* for appellant.

*Woods & Greenhaw,* for appellee.

HART, J., (after stating the facts). It is first insisted that the decree should be reversed because there is no proof that H. A. Crandell died intestate and that the persons named in the amended complaint are his sole heirs at law. It is true that the answer denies that the plaintiffs in the amended complaint are the heirs at law of H. A. Crandell, deceased, but the answer contains a caption in which the plaintiffs are named as heirs at law of H. A. Crandell, deceased. This answer was filed after the court had entered of record an order in which it had recited that the death of H. A. Crandell was proved and that the cause was revived in the name of his heirs, who are specifically named in the order, and who are the identical persons named in the amended complaint and in the caption to the answer of the defendant, Mae Schweitzer.

In addition to this, the record shows that the defendants did not insist upon this point at the trial. The court was not asked to make any findings on this point, and no reference was made to it throughout the trial. The proof was directed to the ground upon which the defendant predicated her defense. Under these circumstances the defendant, Mae Schweitzer, will be deemed to have waived this point. *Allen-West Commission Co.* v. *People's Bank,* 74 Ark. 41, 84 S. W. 1041. It will be noted that the case just cited was tried in the circuit court, and the case at bar was determined in the chancery court. We think, however, that the principle applied in the law case will apply here under the facts just stated.

Counsel for the defendants rely on the defense that the memorandum in writing relied upon by the plaintiff for recovery is too indefinite, under the rule laid down in *Richardson* v. *Stuberfield,* 168 Ark. 713, 271 S. W. 345, where it was held that an agreement for the sale of land, which is required to be in writing by the statute of frauds, must be certain in itself or capable of being made certain by reference to something else. The memorandum in writing relied upon by the plaintiff is copied in our statement of facts and need not be repeated here.

Extrinsic evidence is admissible to explain the calls of a deed for the purpose of identifying the land described and thus give effect to the deed. It is true that, under our decisions, a deed must so describe land sought to be conveyed that it may be identified, yet it is considered that that is certain which can be made certain, and in construing a doubtful description in a deed the court will put itself in the position of the contracting parties as nearly as possible and interpret the language used in the light of the attendant circumstances. *Scott* v. *Dunkel Box & Lbr. Co.,* 106 Ark. 83, 152 S. W. 1025; *Snyder* v. *Bridewell,* 167 Ark. 8, 267 S. W. 561.

The extrinsic proof in this case locates the land described in the written memorandum set out in our statement of facts as being an addition which Schweitzer had platted into lots and blocks and called "Schweitzer

Addition to the Town of Harrison.'' The addition, as laid into lots and blocks, was advertised in printed circulars to be sold as lots and blocks by L. H. Schweitzer. The memorandum in question was written upon one of these circulars and upon that part of it upon which Schweitzer had specifically described the lots and blocks in his platted addition. The circular contains an advertisement by Schweitzer in which it is referred to as being platted into lots and blocks. Under the rule announced in the cases cited, with the information contained in the written memorandum, in connection with the attendant circumstances, a surveyor could locate the ground described in the memorandum. Hence the memorandum is a valid and binding one, and is not void under the statute of frauds above referred to.

It follows that the decree of the chancery court was correct, and should be affirmed. It is so ordered.