RAWLS *v.* FREE.

Opinion delivered November 23, 1931.

R. W. *Wilson* and *Coleman & Gantt,* for appellant.

E. W. *Brockman,* for appellee.

SMITH, J. This is a suit for damages for the breach of an alleged contract to convey four separate farms which, collectively, comprised the J. S. Ross estate. Ross died in 1920, and was survived by four children, who, as his heirs at law, mortgaged the lands thus inherited to T. H. Free to secure an indebtedness of $12,000. Default being made in the payment of this indebtedness, a suit was brought to foreclose the mortgage which secured it, and a decree of foreclosure was rendered in October, 1928. Pursuant to this decree, the lands were sold to Free by the commissioner appointed to make the sale, which was soon thereafter reported to and confirmed by the court.

Pending the foreclosure, L. O. Rawls, who had married one of the Ross heirs, entered into negotiations with Free for the purchase of all four of the farms which are referred to as the Ross estate. These negotiations were evidenced largely by letters which passed between the parties.

On January 15, 1929, the day appointed to consummate the sale from Free to Rawls, the parties met for that purpose, when a disagreement arose about certain rental contracts, and the sale was not made, whereupon Rawls brought this suit to recover damages for the alleged breach of the contract by Free.

At the conclusion of the plaintiff's testimony, the defendant requested the court to direct a verdict in his favor, and a similar request was made by the plaintiff,

and no other instructions were requested by either party. Under this state of the record, the case was in effect withdrawn from the jury and submitted to the court as a jury, and the ruling of the court would have the same force and effect as the verdict of a jury, and the judgment must be affirmed if the evidence is legally sufficient to support it.

The suit was defended upon two grounds. First, that the lands forming the subject-matter of the contract were not sufficiently described to comply with the statute of frauds. But we think the undisputed testimony shows that it was.

The letters referred to the lands as the property of the Ross estate upon which Free held a mortgage which he was then foreclosing. An accurate description of the lands might have been obtained from the mortgage or from the decree ordering its foreclosure, and the contract furnished the key by which the property might be certainly identified. The court could not therefore have found for the defendant upon the ground that an insufficient description had been employed. *Miller* v. *Dargan,* 136 Ark. 237, 206 S. W. 319; *Skinner* v. *Stone,* 144 Ark. 353, 222 S. W. 360, 11 A. L. R. 808; *Dollar* v. *Knight,* 145 Ark. 522, 224 S. W. 983; *Kirby* v. *Malone,* 145 Ark. 608, 215 S. W. 592; *Moore* v. *Exelby,* 170 Ark. 908, 281 S. W. 671; *Davis* v. *Davis,* 171 Ark. 168, 283 S. W. 360; *Schweitzer* v. *Crandell,* 172 Ark. 667, 291 S. W. 68.

Upon the question of the ability and readiness of the plaintiff to perform, the testimony is conflicting, and the judgment of the court might be affirmed upon that ground but for the fact that the undisputed testimony shows that on January 16, 1929, the day following the date upon which the parties had met to consummate the contract, there was placed of record a deed from Free for one of the farms to a third party. This deed was dated and acknowledged December 21, 1928, and was filed for record at 9 A. M. on January 16, 1929, and the record is silent as to when the deed was delivered.

The text writers say there is a rebuttable presumption that an instrument was delivered on the date on

740

which it was dated, provided, at least, it is not acknowledged on a different date. When the date of an instrument differs from the date of acknowledgment, the delivery is by some courts presumed to have taken place on the former date, and by some on the latter. Here, however, the date of the instrument and that of the acknowledgment is the same date, to-wit: December 21, 1928. Tiffany on Real Property, vol. 2 (2d ed.), p. 1764; Thompson on Real Property, vol. 4, p. 956; Devlin on Deeds, vol. 1 (3d ed.), p. 260; *Meech* v. *Fowler,* 14 Ark. 29; *Smith* v. *Scarborough,* 61 Ark. 104, 32 S. W. 382; 18 C. J., p. 414, § 493, of chapter "Deeds."

There is therefore a presumption, in the absence of testimony to rebut it, that Free was unable to perform the contract on January 15, 1929, as he had previously conveyed to a third party one of the farms forming a part of the subject-matter of the contract. This being true, *prima facie* so at least, in the absence of testimony to the contrary, it was not necessary that Rawls tender performance, as the law does not require a tender to be made which would be vain and useless. It was waived by Free's conduct. *Fourche River Lbr. Co.* v. *Bryant Lbr. Co.,* 97 Ark. 633, 135 S. W. 796; *Roberts Cotton Oil Co.* v. *F. E. Morse Co.,* 97 Ark. 513, 135 S. W. 334; *Hollowoa* v. *Buck,* 174 Ark. 497, 296 S. W. 74.

The court should not therefore have rendered judgment for the defendant, and for this error the judgment will be reversed, and the cause remanded for a new trial.