Cite as 2022 Ark. App. 268

# ARKANSAS COURT OF APPEALS

## DIVISIONS III AND IV
No. CV-21-97

|  |  |
|---|---|
| PATRICK DIXON MEHAFFY<br>APPELLANT<br><br>V.<br><br>MARLEY JO CLARK, INDIVIDUALLY AND AS TRUSTEE OF THE CLARK RECOVABLE TRUST DATED AUGUST 7, 2003; THE CLARK REVOCABLE TRUST DATED AUGUST 7, 2003; MARLEY JO CLARK, AS TRUSTEE OF THE MARLEY JO CLARK REVOCABLE TRUST; THE MARLEY JO CLARK REVOCABLE TRUST; AND MARLEY JO CLARK, JR., INDIVIDUALLY AND AS TRUSTEE OF THE CLARK REVOCABLE TRUST<br><br>APPELLEES | Opinion Delivered May 25, 2022<br><br>APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CV-19-395]<br><br>HONORABLE SUSAN WEAVER, JUDGE<br><br>SUBSTITUTED OPINION ON GRANT OF REHEARING;<br><br>REVERSED AND REMANDED |

**MIKE MURPHY, Judge**

This case is a dispute over percentage ownership in mineral interests in a tract of land in Faulkner County, Arkansas. On March 9, 2022, in *Mehaffy v. Clark*, 2022 Ark. App. 125, 643 S.W.3d 55, we reversed and remanded the circuit court's order quieting title in the minerals with a 1/2 interest to the appellees and 1/4 interest to the appellant, Patrick Mehaffy.[1] We agreed with Mehaffy that the court erred in its calculation, so we remanded

---

[1]The remaining 1/4 interest was reserved by previous owners of the land, Joyce and Robert Mayer.

for entry of judgment awarding 3/8 interest in the mineral rights to both sides. On March 28, 2022, the appellees filed a petition for rehearing; Patrick Mehaffy did not file a response. We grant the petition for rehearing and issue the following substituted opinion.

The parties derived their respective mineral interests from two brothers: L.R. Clark, Mehaffy's predecessor; and W.G. Clark, Jr., Marley Jo Clark's late husband. The brothers were shareholders in National Holding Company, an Arkansas corporation.[2] In June 1980, National Holding received a warranty deed from Joyce and Robert Mayer conveying approximately 1,780 acres of land, including the property now at issue. In that deed, the Mayers retained and reserved a 1/4 interest in the oil, gas, and other minerals. Two years later, National Holding transferred its interest to two shareholders, W.G. Clark, Jr., and L.R. Clark, pursuant to two quitclaim deeds dated April 16, 1982. The granting clauses in those deeds both state that for the sum of ten dollars, National Holding Company

> does grant, sell, quitclaim unto the said GRANTEE and unto his heirs and assigns forever, all its right, title, interest and claim in and to the following lands lying in Faulkner County, Arkansas
>
> > An undivided half of the following: [the legal description of the land, including the land in dispute].

No mention was made in either quitclaim deed of the 1/4 reservation by Joyce and Robert Mayer or minerals in general. The deeds were executed on the same day (April 16, 1982), in the presence of the same witnesses, and with the stamp of the same notary public.

---

[2]There were two other shareholders of National Holding Company, but they are not part of this litigation. All the shareholders are now deceased.

2

Two and a half years later, and once again on the same day (June 1, 1984), the deeds were recorded in Faulkner County.[3] The W.G. Clark, Jr., deed was recorded by the Faulkner County Circuit Clerk and Ex-Officio Recorder at 4:10 p.m., and the L.R. Clark deed was recorded at 4:15 p.m.[4]

Turning to present day, the mineral interests were subsequently leased by the respective parties to oil- and gas-exploration companies, and it was during the examination of title by those companies that the issue of the timing of the filing of the two deeds came about. In 2019, Mehaffy filed this quiet-title action against the appellees because one of the companies was holding royalties from production from the property pending resolution of the issue. Because National Holding owned a 3/4 interest in the mineral rights and conveyed an undivided and unreserved 1/2 interest by quitclaim to each grantee, Mehaffy argues that each grantee (and thus, their successors) subsequently possessed a 3/8 mineral interest.

The appellees denied the claim and took the position that they owned 1/2 of the mineral rights by virtue of their predecessor in title filing his deed first, leaving only a 1/4 interest in the disputed mineral rights to L.R. Clark. Their argument relies on the plain language of the granting clause conveying 1/2 of the entire tract, not just 1/2 of National Holding's 75 percent mineral interest. And since the W.G. Clark deed was recorded first,

---

[3]The deeds were inadvertently filed in Pulaski County a year earlier. Both deeds have an identical stamp showing they were filed and recorded on May 11, 1983, at 2:35 p.m.

[4]There is no reason to go through the chain of title to present day because the issue in this case is the intent of the parties to the transaction between National Holding and the Clark brothers.

they believe he received 4/8 (or 1/2) of the disputed mineral interests, and L.R. Clark received the remaining 2/8 (or 1/4) of the disputed mineral interest. They also counterclaimed, asserting adverse possession and stating that they were entitled to a declaratory judgment that they owned 1/2 of the mineral rights.

On November 9, 2020, the court entered an order in favor of the appellees, adopting their reasoning and granting them declaratory judgment.[5] It found that the evidence of the order of delivery was lacking and that priority of recording is controlling because Mehaffy could not prove that the brothers were on notice of each other's deed. To support its findings, the court's order provided:

10. Although it's likely that a person of ordinary intelligence would have known about his brother's conveyance, when the litigation does not involve the original parties, a subjective inquiry into what the original parties understood is barred by Arkansas law.

11. Determining the grantor's subjective intent with extrinsic evidence is only allowed to construe an "ambiguous, uncertain, or doubtful deed." *Deltic Timber Corp. v. Newland*, 374 S.W.3d 261, 267 (Ark. Ct. App. 2010); see also, *Riffle v. Worthen*, 327 Ark. 470, 472, 939 S.W.2d 294, 295 (1997). See also, *Mason v. Buckman*, 2010 Ark. App. 256, 7 (Ark. App. 2010).

12. Because the deed is not ambiguous, extrinsic evidence is barred. *See*, e.g., *Deltic Timber Corp. v. Newland*, 374 S.W.3d 261, 267 (Ark. Ct. App. 2010).

13. Because this case does not involve the original parties, interpretation of the subjective intent of the grantor and grantee is "inappropriate." *Peterson v. Simpson*, 690 S.W.2d 720, 723 (Ark. 1985).

---

[5]It also found that appellees' adverse-possession claim was moot.

4

Mehaffy now appeals from the trial court's order.[6]  On appeal, he argues that the circuit court clearly erred in awarding him only a 1/4 interest in the minerals and instead should have awarded him a 3/8 interest.

Quiet-title actions have traditionally been reviewed de novo as equity actions. *SEECO, Inc. v. Holden*, 2015 Ark. App. 555, at 4, 473 S.W.3d 36, 38. Our standard of review on appeal from a bench trial is not whether there was substantial evidence to support the finding of the circuit court but whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *Mauldin v. Snowden*, 2011 Ark. App. 630, at 2, 386 S.W.3d 560, 562. A finding of fact is clearly erroneous when, although there is evidence to support it, we are left with the definite and firm conviction that a mistake has been committed. *Rice v. Welch Motor Co.*, 95 Ark. App. 100, 103, 234 S.W.3d 327, 330 (2006).

The basic rule in the construction of deeds, as with other contracts, is to ascertain and give effect to the real intention of the parties, particularly of the grantor, as expressed by the language of the deed, when not contrary to settled principles of law and rules of property. *Duvall v. Carr-Pool*, 2016 Ark. App. 611, at 9–10, 509 S.W.3d 661, 667. We will resort to the rules of construction only when the language of the deed is ambiguous, uncertain, or doubtful. *Barger v. Ferrucci*, 2011 Ark. App. 105, at 3–4.

We agree with Mehaffy that he is entitled to a 3/8 interest in the minerals because the court erred in finding that it could not ascertain the intent of the original parties to the

---

[6]The appellees filed a cross-notice of appeal, but it is considered abandoned because their brief asks for no affirmative relief.

deeds. Specifically, the court erred in finding that evidence of delivery was lacking. The record establishes that the deeds used identical language, were executed on the same day, in the presence of the same witnesses, and with the stamp of the same notary public. There is a rebuttable presumption that an instrument is delivered on the date on which it is dated, provided, at least, it is not acknowledged on a different date. *Rawls v. Free*, 184 Ark. 737, 43 S.W.2d 540, 541 (1931). Here, the date of the instrument and that of the acknowledgment is the same date—April 16, 1982. In light of our de novo review, no evidence was presented to rebut this presumption.

It is a fundamental real estate principle that title to real property is effective upon valid delivery of the deed. *See First Sec. Bank v. Geels*, 2011 Ark. App. 294, at 4–5, 383 S.W.3d 437, 440. A delivered deed passes title as between the parties even though it has not been recorded. *Barker v. Nelson*, 306 Ark. 204, 207, 812 S.W.2d 477, 479 (1991). Therefore, because the deeds were delivered at the same time, it is unnecessary to consider the priority of recording as the circuit court did.

The deeds from National Holding Company delivered to the Clark brothers on April 16, 1982, were quitclaim deeds. A quitclaim deed can only transfer what is possessed by the grantor. *Xayprasith-Mays v. Wallace*, 2021 Ark. App. 370, 635 S.W.3d 359. In this case, National Holding possessed at the time of the conveyances 3/4 of the mineral interests. It is evident from these circumstances that National Holding intended to convey to each brother equal shares of its mineral interest—that is, a 3/8 interest.  The deeds still had the effect of conveying a 3/8 interest whether they were recorded or unrecorded.

Accordingly, we hold that the circuit court erred in the respective percentages of mineral rights it assigned to each party; we reverse and remand for entry of judgment consistent with this opinion.

Reversed and remanded.

VIRDEN, GRUBER, BARRETT, WHITEAKER, and HIXSON, JJ., agree.

*Richard Mays Law Firm PLLC*, by: *Richard H. Mays*, for appellant.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellee.